UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MARCUS WASHINGTON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:17-CV-292-RLJ |
| | ) | | 3:16-CR-131-RLJ-HBG |
| | ) | | 3:15-CR-59-RLJ-HBG |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**<u>MEMORANDUM OPINION</u>**

Marcus Washington ("Petitioner") brings this pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel at sentencing and seeking the latter type of permissible relief—a sentence correction [Doc. 126].[1] The United States has responded to the motion, and it supports granting Petitioner the remedy he seeks [Doc. 129]. After considering the § 2255 motion, the United States' response, and the record, the Court will **GRANT** Petitioner's § 2255 motion.

**I.    BACKGROUND**

On April 7, 2015, a grand jury in the Eastern District of Tennessee filed a four-count indictment, charging Petitioner with sex trafficking, a violation of 18 USC §§ 1591(a)(1) and (b)(1) and 1594(a) (Counts 1 and 2); conspiracy to possess with intent to distribute oxycodone and cocaine, in violation of 21 USC §§ 846, 841(a)(1), 841(b)(1)(C) (Count 3); and possession with

---

[1] Except as otherwise indicated, citations to the district court record are to the docket in Case No. 3:15-CV-59. Petitioner's guilty pleas resolved all counts in both criminal cases and the documents in those cases, commencing with document number 107 in Case No. 3:15-CV-59 and document number 4 in Case No. 3:16-CR-161, are identical.

intent to distribute a mixture and substance containing oxycodone, a violation of 21 USC §§ 841(a)(1) and 841(b)(1)(B) (Count 4) [Doc. 1].

By means of an information filed on November 22, 2016, the government charged Petitioner with conspiracy to commit commercial sex trafficking, in violation of 18 U.S.C. §§ 1591(a) and 1594(c) [Doc. 1 in No. 3:16-CR-161]. The next day, the government filed a Rule 11(c)(1)(C) plea agreement [Doc. 107]. A superseding indictment filed on December 2, 2016, made a minor change (replacing the word "or" in a term in the sex trafficking counts with the word "and") in the indictment in No. 3:15-CR-59 [Doc. 32].[2]

On December 7, 2016, Petitioner pled guilty to Counts 3 and 4 of the superseding indictment in case number 3:15-CR-059 and to Count 1 of the information in case number 3:16-CR-161 [Doc. 111]. A presentence investigation report ("PSR") was prepared [Doc. 115] and then revised [Doc. 120]. On March 27, 2017, the Court accepted the plea agreement, sentenced Petitioner to a total 120-months' imprisonment, and dismissed the remaining counts on the government's motion [Doc. 123]. Petitioner did not file a direct appeal.

On July 10, 2017, Petitioner filed this instant § 2255 motion [Doc. 129]. Petitioner asserts, as grounds for relief, that the Rule 11(c)(1)(C) plea agreement provided that his federal sentence was to be set concurrent with the state sentence he was then serving and that, when, in contravention of his plea agreement, his federal sentence was run consecutively to that state sentence, counsel failed to object. Petitioner maintains that, but for counsel's purported shortcoming, the Bureau of Prisons would not have denied him sentencing credit for the two years,

---

[2] Those two counts were dismissed at sentencing.

five months, and twenty-four days he would have received had his federal sentence been set to correspond with the terms of his plea agreement [*Id.* pp. 4-5]. Petitioner does not seek to withdraw his guilty pleas because to do so, he contends, would cause him to suffer further prejudice. Instead, Petitioner asks to Court to correct his sentence to reflect that his federal sentence runs concurrent with his state sentence in Docket No. 96981.[3]

The United States argues in its response that any alleged error in the issuance of Petitioner's sentence has been procedurally defaulted and that it, thus, cannot furnish a basis for granting the motion to vacate. The United States concedes, however, that Petitioner has proven that he received ineffective assistance from counsel at sentencing and concurs that the appropriate remedy is a corrected sentence to accord with the concurrent sentencing provision in his Rule 11(c)(1)(C) plea agreement.

## II. ANALYSIS

The Court agrees with the United States' first argument. Petitioner's failure to raise the sentencing-error claim at an earlier time, when he could have raised such a claim, constitutes a procedural default. *See Wainwright v. Sykes*, 433 U.S. 72, 84 (1977) (observing that a failure to comply with state's contemporaneous objection rule at trial amounts to a procedural default). Petitioner, nevertheless, can secure review of his procedurally defaulted claim if he shows: (1) cause and actual prejudice to excuse his failure to raise the claim previously or (2) actual innocence of the crimes of conviction. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Elzy v. United*

---

[3] Petitioner maintains that, at the time of his federal sentencing, he was serving a three-year sentence for an aggravated burglary conviction in Knox County, Tennessee Docket No. 96891 [Doc. 126 at 2, 4-5].

*States*, 205 F.3d 882, 884 (6th Cir. 2000) (finding that a failure to raise a plea-agreement claim at sentencing or on appeal amounts to a double procedural default).

Petitioner has not attempted to make either showing and, thus, his unexcused procedural default forecloses collateral review of any error in the issuance of his federal sentence. *See Elzy*, 205 F.3d at 887 (determining that § 2255 review was barred on a claim where "the procedural default is manifest in the record"). Because the only sustainable § 2255 issue involves the assertions of ineffective-assistance, the Court proceeds to that claim, employing the applicable review standards.

    **A.    Standards of Review**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

    **B.    Governing Law**

To prevail on a claim of ineffective assistance, a petitioner must show that a deficient performance on the part of counsel resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id.* at 688. Petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at

690. A determination of the objective reasonableness of counsel's performance is made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Thus, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

To show prejudice in a guilty plea context, a petitioner must demonstrate that there is a reasonable probability that, but for his attorney's unprofessional errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *Strickland*, 466 U.S. at 694, and it "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted).

**C.    Discussion**

The relevant provision in Petitioner's plea agreement reads:

> 7.    Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that the appropriate disposition of this case would be the following:
>
>   a)   10-year concurrent terms of imprisonment for each count to which the defendant is pleading guilty, to be followed by a 3-year term of supervised release;
>
>   b)   The 10-year terms for each count will be imposed concurrent to each other count, *and concurrent to any sentences the defendant is currently serving at the time of sentencing.*

[Doc. 107 at ¶7 (emphasis added)].

At sentencing, the Court accepted the plea agreement [Doc. 127, Sentencing Hr'g Tr. at 20] and imposed concurrent 120-month terms of imprisonment on each count of conviction [*Id.* at 15]. The Court then set the federal sentence "consecutive to Knox County Criminal Court Docket 96891, as that offense is insufficiently related to the instant case," but concurrent with any sentence imposed in Knox County Criminal Court Docket 104105 [*Id.*]. The Court offered the defense and prosecuting attorneys an opportunity to object to the sentence just pronounced [*Id.* at 21]. The prosecuting attorney declined, but defense counsel accepted the Court's offer [*Id.*].

Counsel objected to the imposition of the federal sentence concurrently with any sentence in Knox County Criminal Court Docket 104105 on the basis that that case had been dismissed—a fact of which the Court expressed its awareness [*Id.*]. Counsel, however, failed to object to setting the federal sentence consecutively to the sentence in Docket 96981 [*Id.*]. Had either the defense or prosecuting attorney called the error to the attention of the Court, that issue could have been addressed straight away. But that did not happen, and the issue now forms the basis of this instant §2255 motion

In its response, the United States notes that defense counsel states that he would have objected immediately, had he then recognized the error [Doc. 129 at 1 n.1]. The Court appreciates that counsel made one objection to the sentence and that the plea bargain he negotiated for his client was a very good deal in that the agreed upon sentence was 5 years below the mandatory minimum sentence. Yet, it remains that counsel failed to object to a sentence that violated the concurrent sentencing term of the Rule 11(c)(1)(C) plea agreement.[4] The Court can think of no

---

[4] A concurrent sentencing provision in a Rule 11(c)(1)(C) plea agreement is an integral and enforceable part of the plea deal. *See United States v. Lewis*, 633 F.3d 262, 270-71 (4th Cir.

reason beyond inattentiveness for an attorney to fail to object to such a sentence. This is so because the law is clear that "Rule 11(c)(1)(C) makes the parties' recommended sentence binding on the court 'once the court accepts the plea agreement.'" *Freeman v. United States*, 564 U.S. 522, 529 (2011) (quoting Fed. R. Crim. P. 11(c)(1)(C)).

The failure to object, under these circumstances, does not fall within the wide range of reasonably competent assistance demanded of attorneys in criminal cases, *see Strickland*, 466 U.S. at 690, and therefore amounts to a deficient performance.

Still, counsel's shortcoming must be disregarded unless it resulted in prejudice. Here, it did. Petitioner maintains that he was deprived of 2 years, 5 months, and 24 days of credit on his federal sentence and that he would have received those credits had his federal sentence been set concurrent to his Knox County aggravated burglary sentence in Docket 96981 [Doc. 126 at 5, 13].

In *Glover v. United States*, 531 U.S. 198 (2001), the Supreme Court observed that there was no precedent to "suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance." *Id.* at 203. Following *Glover*, the Sixth Circuit has held that "any increase in jail time is prejudicial." *United States v. Allen*, 53 Fed. App'x 367, 376 (6th Cir. 2002) (citing *Glover*, 531 U.S. at 203).

Counsel's failure to object to the issuance of a sentence that was inconsistent with the concurrent sentencing provision in the Rule 11(c)(1)(C) plea agreement resulted in Petitioner serving a sentence that, according to his calculations, is almost 30 months longer than the

---

2011) (finding that a provision in a Rule 11(c)(1)(C) plea agreement that a federal sentence "shall be served concurrent with the state sentence" was contravened when such sentences were ordered to be served consecutively).

7

recommended sentence. Because "any increase in jail time is prejudicial," the Court finds that counsel rendered a prejudicial performance.

The Sixth Circuit has instructed that when a defendant has received ineffective assistance of counsel in violation of his Sixth Amendment right, the remedy "should be tailored to the injury suffered from the constitutional violation." *Id.*, 53 Fed. App'x at 373 (quoting *Turner v. Tennessee*, 858 F.2d 1201 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989), *reinstated*, 726 F.Supp. 1113 (M.D.Tenn. 1989), *aff'd*, 940 F.2d 1000 (6th Cir. 1991)). In fashioning a remedy, the Court has authority "to restore [Petitioner] to the place he was in prior to the ineffective assistance." *Id.,* 53 Fed. App'x at 373.

To reiterate, Petitioner does not seek to withdraw his guilty pleas because he foresees that a plea withdrawal would lead to further prejudice [Doc. 126 at 13]. As noted, the United States agrees with Petitioner that his judgment should be corrected to run his federal sentence concurrently with the sentence he received in Knox County Criminal Court Docket 96891.

The Court concludes that the appropriate remedy in this case is to issue a corrected judgment that comports with the concurrent sentencing provision in Petitioner's Rule11(c)(1)(C) plea agreement.

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Petitioner's § 2255 and will enter a corrected judgment setting Petitioner's federal sentence concurrent with his sentence in Knox County Criminal Court Docket 96891.

A separate order will enter in accordance with this opinion.


ENTER:


	s/ Leon Jordan
	United States District Judge